UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDDIE WAYNE HURLEY, | § | |
| No. 453088, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | NO. 3:05-CV-2338-G |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent.[1] | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner Freddie Wayne Hurley ("Hurley" or "Petitioner") is confined at the Powledge Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Palestine, Texas. Respondent is the Director of the TDCJ-CID.

---

[1] Effective June 1, 2006, Nathaniel Quarterman was named the Director of the Texas Department of Criminal Justice. The caption is being changed pursuant to Fed. R. Civ. P. 25(d).

**Statement of the Case:** Petitioner is currently incarcerated pursuant to a judgment and sentence of the 204th District Court of Dallas County, Texas in cause number F87-77502-KQ,[2] in which he was charged with the offense of aggravated robbery with a deadly weapon. After pleading not guilty to the alleged offense, Petitioner was convicted and sentenced to a forty-five year term of imprisonment.

In the instant petition, Hurley does not challenge his conviction. Instead, he challenges disciplinary proceeding number 20050235371 in which a TDCJ hearing officer found him guilty of the offenses of: (1) Threatening to Inflict Harm, Physical or Otherwise on an Officer and (2) Use of Indecent or Vulgar Language, and assessed punishment at a loss of 75 days of earned good time credits. Petitioner appealed this disciplinary sanction through the TDCJ grievance process.[3]

Petitioner alleges that his due process rights were violated because: (1) he was notified of the charges while he was confined in an inpatient prison psychiatric ward; (2) he was not properly notified of the charges against him because he was denied copies of the written notice and the evidence against him; (3) his appointed counsel substitute refused to advise him of his due process rights as required by TDCJ administrative regulations, refused to provide him with

---

[2] Petitioner was also convicted on the same date of aggravated robbery in cause number F87-76221-JQ and received a five year term of imprisonment.

[3] Respondent asserts that Petitioner failed to administratively exhaust the majority of his due process claims and cites Hurley's Step 1 and Step 2 grievances that were received by the TDCJ on August 24, 2005, and September 29, 2005, respectively. (Response, Ex. C at 1-4.) Petitioner, in his Traverse, submitted copies of separate Step 1 and Step 2 grievances wherein he raised due process claims related to his disciplinary hearing. (Traverse, Ex. A at 1-4.) Because Petitioner is not entitled to relief on any of his claims, the Magistrate Judge will address the merits of Petitioner's claims, notwithstanding any failure on his part to exhaust administrative remedies. 28 U.S.C. 2254(b)(2) (1996).

the official charge and the evidence against him, and refused to gather evidence on his behalf; (4) the TDCJ violated its own regulations by failing to give him "special considerations" due to his status as a psychiatric inpatient and by failing to hold the hearing within seven days; (5) he was not evaluated by a psychologist or psychiatrist to determine whether he could participate in the disciplinary proceedings; (6) he was not permitted to write a documentary statement on his behalf; (7) he was not permitted to attend the hearing; (8) he was not permitted to confront and cross-examine adverse witnesses; (9) he was denied the right to challenge the validity of witness statements admitted at the hearing; (10) and he was denied the right to gather and present evidence.

Respondent filed his answer contending that Petitioner failed to exhaust his administrative remedies because he did not raise the same claims in his Step 1 and Step 2 grievances, and in the alternative, that Petitioner's claims are without merit.

**Findings and Conclusions:** Whether the loss of good time credits creates a liberty interest protected by procedural due process is determined by state law. *Richards v. Dretke,* 394 F.3d 291, 293 (5th Cir. 2004). Under Texas law, good time credits affect a prisoner's eligibility for release on parole or under a mandatory supervised release program.[4] *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). However, "there is no constitutional expectancy of parole in Texas," and thus a federal habeas petition may not be predicated on a claim that the loss of good time

---

[4] "'Parole' is the 'discretionary and conditional release of an eligible prisoner ⋯ [who] may serve the remainder of his sentence under the supervision and control of the pardons and paroles division.' 'Mandatory supervision' is the 'release of an eligible prisoner ⋯ so that the prisoner may serve the remainder of his sentence not on parole, but under the supervision and control of the pardons and paroles division.'" *Malchi*, 211 F.3d at 957 (quoting *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997)).

3

credits effected a prisoner's parole eligibility.  *Id*. at 957 (quoting *Madison*, 104 F.3d at 768).  The same is not true for good time credits as they relate to a prisoner's eligibility for release on mandatory supervision, as the Fifth Circuit has determined that "there is a constitutional expectancy of early release created by Texas's mandatory supervision scheme in place prior to September 1, 1996 for earned good time credits."  *Id*. at 957-58 (citing *Madison*, 104 F.3d at 768).  Hurley committed the offenses for which he is incarcerated prior to1996 and is eligible for release on mandatory supervision, therefore he has a liberty interest in his earned good time credits.

Because the disciplinary sanction of a reduction in good time credits affects a prisoner's liberty interest, the TDCJ must provide a prisoner with certain minimal due process rights before such a sanction may occur.  *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S. Ct. 2963, 2975 (1974).  Thus, prison officials must: "(1) provide advance written notice of at least twenty-four hours to the prisoner; (2) issue a written statement of the factfinders as to evidence relied upon and their reasons for action; and (3) offer the prisoner an opportunity to call witnesses and present documentary evidence."  *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004) (citing *Wolff*, 418 U.S. at 563-68, 94 S. Ct. at 2978-80).  Additionally, due process requires that a final disciplinary decision be supported by "some evidence."  *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001).

The record reflects that Hurley was provided all of the due process to which he was entitled.  A TDCJ document signed by Hurley reveals that he was provided advanced written notice of at least 24 hours of the charges against him.  (Answer, Ex.  B at 8).  Additionally, the record reflects that the hearing officer issued a written statement as to the evidence he relied

4

upon and the reasons for his action. (Answer, Ex. B at 1, 9.)  While Petitioner declined to attend the disciplinary hearing, (Answer, Ex. B at 8), he was represented by a counsel substitute,[5] (Answer, Ex. B at 1, 3, 6), who entered a plea of not guilty on his behalf, presented witness statements from Hurley's fellow inmates and made a brief mitigation argument at the close of the hearing, (Hearing Tape; Answer, Ex. B at 1, 15-23); *see Moody v. Miller*, 864 F.2d 1178, 1181 (5th Cir. 1989) (finding, in the context of a § 1983 case, that "[i]f, through no fault of prison officials, a prisoner is unable or refuses to attend a disciplinary hearing, due process requires no more than that the hearing be held in accordance with all of the other requirements of due process that are called for under the circumstances").  Finally, sufficient evidence was presented to support the hearing officer's final decision.  Both the offense report completed by the charging officer and a statement from a fellow officer who heard Hurley's remarks were submitted into evidence, as were statements from several inmates who overhead the remarks. (Hearing Tape; Answer, Ex. B at 5, Ex. B at 10-14.)  Therefore, all of Hurley's due process claims are without merit.

Furthermore, if Hurley's petition is read to allege that he was denied the effective assistance of substitute counsel, this claim is without merit.  There is no right to counsel–either retained or appointed–in a disciplinary hearing. *Baxter v. Palmigiano*, 425 U.S. 308, 315, 96 S. Ct. 1551, 1556 (1976).  Thus, a claim of ineffective assistance of substitute counsel is not of constitutional magnitude. *See Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S. Ct. 1300, 1301 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived

---

[5] A counsel substitute is an advocate appointed to assist a prisoner facing a disciplinary hearing.

of the effective assistance of counsel"). Likewise, if Petitioner intends to seek relief for violations of TDCJ regulations, he is not entitled to federal habeas relief. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996) (determining, in the context of a § 1983 action, that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met"); *Hernandez v. Estelle,* 788 F.2d 1154, 1158 (5th Cir. 1986) (same).[6]

---

[6] Additionally, Petitioner states that the offense was falsely reported in retaliation for prior legal complaints he filed against the complaining corrections officer. To the extent Hurley attempts to raise a claim of retaliation for engaging in protected activity, his claim is without merit, as it is conclusory and unsupported by any evidence in the record. *See, e.g., Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

6

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the district court deny the petition on the merits.

Signed this 1st day of August, 2006

                                                                                             _____
                                                                                             Wm. F. Sanderson Jr.
                                                                                             United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.